# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK WILBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3670** |
| **N. BURL CAIN, WARDEN** | **SECTION "T"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** as time-barred.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Frederick Wilbert, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] Wilbert was charged by bill of information in Jefferson Parish on March 25, 1997, with three counts of armed robbery.[3] The Louisiana Fifth Circuit Court of Appeal summarized the relevant facts of the case as follows:

> Defendant, Frederick F. Wilbert, was charged in a single bill of information with three counts of armed robbery. Count one was related to the December 20, 1996 armed robbery of a teller, June Lester, at a Whitney National Bank, located at 5500 Veterans Boulevard. Count two was related to the January 9, 1997 robbery of a teller, Cresieda Luna, at Hibernia Bank, located at 4949 West Esplanade. Count three was related to the January 21, 1997 armed robbery of a teller, Wendy Castillo, at a Hibernia National Bank, located at 2201 Veterans Boulevard.

State Record Volume 4 of 11, Louisiana Fifth Circuit Court of Appeal Opinion, 00-KA-113, May 13, 2000.

Wilbert was tried by the state trial judge on counts one and three on January 26, 1999.[4] The court found him guilty as charged on count one, the armed robbery of Lester, and as to count three, guilty of the lesser offense of first degree robbery of Castillo.

---

[2] Rec. Doc. No. 3.

[3] St. Rec. Vol. 1 of 11, Bill of Information, 3/25/97.

[4] St. Rec. Vol. 1 of 11, Minute Entry, 1/26/99; St. Rec. Vol. 6 of 11, Judge Trial Transcript, 1/26/99; St. Rec. Vol. 7 of 11, Judge Trial Transcript (continued), 1/26/99.

On January 27, 1999, Wilbert was tried before a jury on count two, the armed robbery of Luna, and was found guilty as charged.[5]  At a hearing held March 26, 1999, the state trial court denied Wilbert's post-trial motions for new trial, for arrest of judgment and for judgment of acquittal.[6]

That same day, the court sentenced Wilbert to serve 99 years in prison on each of counts one and two and 40 years in prison on count three.[7]  The sentences were ordered to run concurrently and to be served without benefit of parole, probation or suspension of sentence.  The State also filed a filed a multiple bill charging Wilbert as a third offender.[8]

---

[5]St. Rec. Vol. 1 of 11, Trial Minutes (3 pages), 1/27/99; Jury Verdict, 1/27/99; St. Rec. Vol. 7 of 11, Jury Trial Transcript, 1/27/99; St. Rec. Vol. 8 of 11, Jury Trial Transcript (continued), 1/27/99.

[6]St. Rec. Vol. 1 of 11, Minute Entry, 3/26/99; Motion for New Trial, 3/10/99; Motion in Arrest of Judgment; 3/18/99; Motion for Post Verdict Judgment of Acquittal, 3/26/99; Motion for New Trial, 3/26/99; Trial Court Order I, 3/27/99; Trial Court Order II, 3/27/99; St. Rec. Vol. 8 of 11, Motion Hearing Transcript, 3/26/99.

[7]St. Rec. Vol. 1 of 11, Sentencing Minutes, 3/26/99; St. Rec. Vol. 8 of 11, Motion Hearing Transcript, 3/26/99.

[8]St. Rec. Vol. 1 of 11, Multiple Bill.  Although the copy of the bill in the record is not file-stamped, the text of the document itself reflects that it was filed on March 25, 1999.

3

Wilbert filed a motion seeking reconsideration of his sentence.[9] However, on May 19, 1999, Wilbert entered a plea of guilty to the multiple bill and the state trial court ordered that he serve a life sentence as to count two as a third offender.[10]

On direct appeal, Wilbert's counsel raised four grounds for relief:[11] (1) The verdict on count one was contrary to the law and evidence. (2) The verdict on count two was contrary to the law and evidence. (3) The state trial court erred by allowing "other crimes" evidence to be admitted before the jury. (4) The state trial court erred in imposing a life sentence without vacating the prior sentence as to count two.

On May 30, 2000, the Louisiana Fifth Circuit Court of Appeal affirmed Wilbert's convictions finding no merit to his first three claims.[12] As to the fourth claim, the appeal court found that the state trial court had erred in failing to vacate the 99-year sentence before imposing the life sentence under the habitual offender laws as to count two. The

---

[9]St. Rec. Vol. 1 of 11, Motion to Reconsider Sentence, 4/12/99.

[10]St. Rec. Vol. 1 of 11, Minutes Entry, 5/19/99; Waiver of Rights Plea of Guilty Multiple Offender, 5/19/99; St. Rec. Vol. 8 of 11, Multiple Bill Hearing Transcript, 5/19/99.

[11]St. Rec. Vol. 8 of 11, Appeal Brief, 00-KA-0113, 2/15/00; St. Rec. Vol. 4 of 11, 5th Cir. Opinion, 00-KA-113, 5/13/00.

[12]St. Rec. Vol. 4 of 11, 5th Cir. Opinion, 00-KA-113, 5/13/00; State v. Wilbert, 767 So.2d 982 (La. App. 5th Cir. 2000) (Table).

4

court vacated the life sentence and remanded the case for resentencing on the multiple bill and for ruling on Wilbert's motion to reconsider sentence.[13]

The state trial court held a sentencing hearing on July 10, 2000, at which Wilbert moved to withdraw the guilty plea entered as to the multiple bill.[14] The court denied the motion to withdraw and the motion to reconsider sentence. The court then vacated the previously imposed sentences, and resentenced Wilbert as a third offender to serve a life sentence.

Wilbert's convictions became final five days later, on Saturday, July 15, 2000, or the next business day, Monday, July 17, 2000, because he did not file a notice of appeal or seek reconsideration of his sentence. See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[15]); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period when it would otherwise be the last day of the period).

---

[13] The Court also instructed the trial court to notify Wilbert of the proper deadlines for seeking post conviction relief under La. Code Crim. P. art. 930.8. The Court complied with that order on June 30, 2000. St. Rec. Vol. 4 of 11, Letter to Wilbert, 6/13/00.

[14] St. Rec. Vol. 4 of 11, Sentencing Minutes, 7/10/00; Sentencing Transcript, 7/10/00.

[15] La. Code Crim. P. art. 914 was later amended by La. Acts 2003, No. 949, § 1, to require that a criminal defendant move for leave to appeal within 30 days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. See State v. Counterman, 475 So.2d 336, 338 (La. 1985).

5

More than one year later, on October 8, 2001, Wilbert filed an application for post-conviction relief seeking leave to file an out-of-time appeal from the sentence imposed on July 10, 2000.[16] The state trial court granted the application on October 18, 2001.[17]

In this appeal, Wilbert's counsel raised two grounds for relief:[18] (1) The state trial court erred in denying his motion to withdraw the guilty plea to the multiple bill. (2) The state trial court erred in sentencing him as a multiple offender without designating the offense on which it was imposed. The Louisiana Fifth Circuit held that the first claim was without merit.[19] The court, however, resolved that the trial court erroneously vacated all three of the underlying sentences and replaced them with one life sentence, leaving Wilbert convicted of three charges and serving only one sentence. The court remanded the case for resentencing.

On September 30, 2002, the state trial court resentenced Wilbert to serve 99 years in prison as to counts one and two and 40 years in prison as to count three.[20] The court

---

[16]St. Rec. Vol. 9 of 11, Application for Post Conviction Relief, 10/8/01.

[17]St. Rec. Vol. 2 of 11, Trial Court Order, 10/18/01.

[18]St. Rec. Vol. 9 of 11, Appeal Brief, 01-KA-1371, 12/28/01; St. Rec. Vol. 4 of 11, 5th Cir. Opinion, 01-KA-1371, 4/30/02.

[19]St. Rec. Vol. 4 of 11, 5th Cir. Opinion, 01-KA-1371, 4/30/02; State v. Wilbert, 817 So.2d 514 (La. App. 5th Cir. 2002) (Table).

[20]St. Rec. Vol. 4 of 11, Sentencing Minutes, 9/30/02; St. Rec. Vol. 10 of 11, Sentencing Transcript, 9/30/02.

vacated the sentence imposed on count two and resentenced Wilbert as a third offender to serve life in prison.[21] The court ordered that the sentences run concurrently and that the sentences were to be served without benefit of parole, probation or suspension of sentence.[22]

On appeal from this sentencing, Wilbert's counsel argued that the life sentence was excessive.[23] Wilbert filed pro se a brief alleging that the trial court improperly enhanced his sentence based on both counts two and three.[24] On April 8, 2003, the Louisiana Fifth Circuit found no merit to Wilbert's claims and affirmed the sentences.[25]

---

[21]St. Rec. Vol. 4 of 1, Multiple Bill Sentencing Minutes, 9/30/02; Nunc Pro Tunc Minute Entry, 9/30/02; St. Rec. Vol. 10 of 11, Sentencing Transcript, 9/30/02.

[22]As ordered by the Louisiana Fifth Circuit, the trial court also corrected the commitment order and properly instructed Wilbert pursuant to La. Code Cirm. P. art. 930.8.

[23]St. Rec. Vol. 4 of 11, Motion for Appeal, 10/7/02; Trial Court Order, 10/21/02; St. Rec. Vol. 10 of 11, Appeal Brief, 02-KA-1261, 12/30/02.

[24]St. Rec. Vol. 10 of 11, Motion to Supplement Appeal Brief, 02-KA-1261, 11/7/03.

[25]St. Rec. Vol. 5 of 11, 5th Cir. Opinion, 02-KA-1261, 4/8/03; State v. Wilbert, 844 So.2d 432 (La. App. 5th Cir. 2003) (Table). The trial court also corrected the La. Code Crim. P. art. 930.8 notice on May 6, 2003. St. Rec. Vol. 4 of 11, Letter to Wilbert, 5/6/03.

Wilbert thereafter filed two identical writ applications with the Louisiana Supreme Court alleging excessive sentence and improper enhancement based on counts two and three.[26] The court denied both applications without reasons on December 12, 2003.[27]

Two years later, on December 13, 2005, Wilbert signed an application for post-conviction relief which was filed in the state trial court on December 28, 2005.[28] Wilbert raised three grounds for relief: (1) The multiple offender process was unconstitutional and, as a result, he was denied the right to a jury trial on the multiple bill. (2) His appellate counsel was ineffective because he failed to challenge the trial court's denial of the motion for new trial and the propriety of the waiver of the jury trial as to counts one and three. (3) The state trial court erred in allowing "other crimes" evidence to be admitted before the jury during trial on count two. On January 5, 2006, the state trial court denied the application finding no merit to the first two claims raised.[29] The court did not address the third claim in its opinion.

---

[26]St. Rec. Vol. 11 of 11, La. S. Ct. Writ Application, 03-KO-1441, 5/22/03 (signed 4/19/03); La. S. Ct. Writ Application, 03-KO-1573, 6/6/03 (signed 4/19/03); St. Rec. Vol. 2 of 11, La. S. Ct. Letter, 2003-KO-1573, 6/6/03; St. Rec. Vol. 5 of 11, La. S. Ct. Letter, 2003-KO-1441, 5/22/03.

[27]State v. Wilbert, 860 So.2d 1150 (La. 2003); St. Rec. Vol. 11 of 11, La. S. Ct. Order, 2003-KO-1441, 12/12/03; State v. Wilbert, 860 So.2d 1152 (La. 2003); St. Rec. Vol. 2 of 11, La. S. Ct. Order, 2003-KO-1573, 12/12/03.

[28]St. Rec. Vol. 5 of 11, Uniform Application for Post-Conviction Relief, 12/28/05 (signed 12/13/05).

[29]St. Rec. Vol. 5 of 11, Trial Court Order, 1/5/06.

Shortly thereafter, on March 21, 2006, Wilbert filed an identical application for post-conviction relief in the state trial court.[30] The state trial court denied the application on March 27, 2006, as repetitive.[31]

Wilbert also sought review in the Louisiana Fifth Circuit of the trial court's January 5, 2006, ruling.[32] He raised only two claims:[33] (1) The trial court erroneously denied petitioner's claims of denial of effective assistance of appellate counsel for failure to challenge the waiver of the right to jury trial on counts one and three. (2) The trial court erroneously denied petitioner relief in that appellate counsel was ineffective for failing to challenge the denial of the motion for new trial. The Louisiana Fifth Circuit denied the application on May 18, 2006, finding no error in the trial court's ruling.[34]

Wilbert thereafter filed a writ application on July 14, 2006, with the Louisiana Supreme Court in which he sought review of the appellate court's ruling without

---

[30]St. Rec. Vol. 5 of 11, Uniform Application for Post Conviction Relief, 3/21/06.

[31]St. Rec. Vol. 5 of 11, Trial Court Order, 3/27/06.

[32]St. Rec. Vol. 11 of 11, Copy of 5th Cir. Writ Application, 06-KH-350; 5/12/06; St. Rec. Vol. 5 of 11, Notice of Intention to Apply for Writs, 3/1/06 (signed 12/12/06); Trial Court Order, 3/10/06. The State failed to provide the Court with a certified copy of this writ application. The filing date was obtained from the clerk of the Louisiana Fifth Circuit Court of Appeal.

[33]Id.

[34]St. Rec. Vol. 11 of 11, 5th Cir. Order, 06-KH-350, 5/18/06.

identifying particular grounds for relief.[35] In a later filed supplemental writ application, Wilbert raised five grounds for relief:[36] (1) The appellate court erred by denying relief on the claim that he was denied the right to a jury trial in connection with the multiple bill. (2) The appellate court erred in denying relief based on the ineffective assistance of appellate counsel for failure to challenge the denial of the motion for new trial and for failure to challenge the waiver of the right to a jury trial on counts one and three. (3) The appellate court erred in upholding the denial of the motion for new trial and the motion for post verdict judgment of acquittal. (4) The appellate court erred in upholding the denial of petitioner's claim that the trial court erroneously allowed other crimes evidence to be admitted to the jury during the trial on count two. (5) The appellate court erred in finding Louisiana's multiple offender process constitutional.

The Louisiana Supreme Court denied the writ application without reasons on April 5, 2007.[37]

---

[35]St. Rec. Vol. 11 of 11, La. S. Ct. Writ Application, 06-KH-1768, 7/14/06 (postal meter 6/30/06, prison mail receipt 6/19/06); St. Rec. Vol. 4 of 11, La. S. Ct. Letter, 06-KH-1768, 7/14/06.

[36]St. Rec. Vol. 11 of 11, Supplemental Writ Application, 06-KH-1768, 2/27/07.

[37]State ex rel. Wilbert v. State, 954 So.2d 134 (La. 2007); St. Rec. Vol. 11 of 11, La. S. Ct. Order, 2006-KH-1768, 4/5/07.

## II.     FEDERAL HABEAS PETITION

On August 15, 2007, Wilbert filed a petition for federal habeas corpus relief in which he raised three grounds for relief:[38] (1) insufficient evidence as to count one; (2) insufficient evidence as to count two; and (3) erroneous admission of "other crimes" evidence at trial before the jury.

The State filed a response in opposition to the petition, alleging that Wilbert's federal petition was not timely filed and that he failed to exhaust state court remedies.[39]

## III.     GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[40] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore

---

[38] Rec. Doc. No. 3.

[39] Rec. Doc. No. 13.

[40] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

applies to Wilbert's petition, which, for reasons discussed below, is deemed filed in this federal court on June 20, 2007.[41]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

My review of the record reflects that Wilbert has not exhausted available state court remedies as to all of his claims. However, his petition is clearly not timely filed and should be dismissed for that reason, since requiring him to exhaust his state court remedies will neither affect nor improve the time-barred nature of his current habeas petition.

---

[41]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Wilbert's petition was filed by the clerk of court on August 15, 2007, when the filing fee was paid. Wilbert signed the petition on June 20, 2007. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. See Cousin, 310 F.3d at 843 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

## IV.  STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[42]  Duncan, 533 U.S. at 179-80.  Wilbert's conviction is deemed final on July 17, 2000, when he did not appeal or seek reconsideration of his sentence after his first resentencing.  The fact that Wilbert was later granted an out-of-time appeal does not change the finality of his conviction for purposes of the AEDPA's limitation period.  Salinas v. Dretke, 354 F.3d 425, 430 (5th Cir.), cert. denied, 541 U.S. 1032 (2004) (the granting of a request for out-of-time review tolls the AEDPA limitations period, but it does not restart the running of that period);

---

[42]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
- A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
- C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
- D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

McGee v. Cain, 104 Fed. Appx. 989, 991-992 (5th Cir. 2004) (applying Salinas rationale to Louisiana out-of-time writ application).

Therefore, under a literal application of the statute, Wilbert had until July 17, 2001, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Wilbert has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my

review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.

15

Flanagan, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).  The timeliness

consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

As stated above, Wilbert's conviction is deemed final on July 17, 2000. The one-year limitations period began to run on July 18, 2000, and did so without interruption, until July 17, 2001, when it expired. Wilbert had no properly filed state post-conviction or other collateral review pending during that time. Wilbert did not file for state post-conviction review until October 8, 2001, when he submitted his first application for post-conviction relief.[43] This later filed writ application has no effect on the timeliness calculation. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Furthermore, Wilbert's efforts to obtain a copy of his plea transcript from the state trial court during 2000 and 2001 do not constitute state post-conviction or other collateral review for purposes of tolling.[44] Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); see also Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, 2002 WL 63541 (E.D. La. Jan. 16, 2002); Jones v. Johnson, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript

---

[43]St. Rec. Vol. 9 of 11, Application for Post Conviction Relief, 10/8/01.

[44]St. Rec. Vol. 4 of 11, Motion for the Production of Documents, 9/22/00; Write of Mandamus, 11/7/00; Trial Court Order, 12/13/00; 5th Cir. Order, 01-KH-205, 3/5/01; 5th Cir. Order, 01-KH-466, 4/30/01; 5th Cir. Writ Application, 01-KH-917, 8/7/01; 5th Cir. Order, 01-KH-917, 8/16/01; Trial Court Order, 8/24/01.

not required to file the application, does not warrant equitable tolling); see also, Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002) (mandamus is not post-conviction or other collateral review). He is not entitled to tolling for this period.

Significantly, even if a reviewing court were to consider tolling the period during which Wilbert pursued the transcript, his federal petition is still untimely. The clearest demonstration of Wilbert's dilatory filing appears during the period of time after conclusion of his appeal after his third sentencing. On December 12, 2003, the Louisiana Supreme Court resolved Wilbert's two writ applications seeking review of that appeal.[45] From that date, two years elapsed with no recorded state court filings of any kind by Wilbert until he submitted an application for post-conviction relief to the state trial court on December 13, 2005. Having exceeded more than one year from the resolution of his third appeal on December 12, 2003, even under the most generous of calculations, the one-year limitations period allowed under the AEDPA expired no later than December 12, 2004. His federal habeas petition is clearly untimely.

Wilbert's federal petition is deemed filed on June 20, 2007, which is almost six years after expiration of the AEDPA filing period on July 17, 2001, and more than 18

---

[45] State v. Wilbert, 860 So.2d 1150 (La. 2003); St. Rec. Vol. 11 of 11, La. S. Ct. Order, 2003-KO-1441, 12/12/03; State v. Wilbert, 860 So.2d 1152 (La. 2003); St. Rec. Vol. 2 of 11, La. S. Ct. Order, 2003-KO-1573, 12/12/03.

months after the more extremely generous alternative expiration date addressed herein. Thus, his petition should be dismissed as time-barred.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Frederick Wilbert for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___12th___ day of February, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE